Filed 4/11/14  P. v. Bodjack CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>KEITH ANDREW BODJACK,<br><br>       Defendant and Appellant. | A139575<br><br>(Lake County<br>Super. Ct. No. CR931820) |

In this case, defendant appeals his sentence under Penal Code[1] section 654.  He contends the trial court erred in sentencing him consecutively for vandalism after imposing a custody sentence for burglary.  The facts suggest the vandalism of the Hi-Way Grocery store took place during the burglary by breaking glass to steal liquor from the grocery store.  The Attorney General has conceded the consecutive sentence violates section 654.  We agree and remand for resentencing.

**STATEMENT OF THE CASE**

The Lake County District Attorney filed an information in this matter on April 26, 2013, amending it on June 26.  It charged defendant with burglary and vandalism worth more than $400 at the Hi-Way Grocery store (Pen. Code, §§ 459, 594, counts one & two), burglary and vandalism of the New Marina Market (§§ 459, 594, counts three & four), and vandalism of the Tower Mart (§ 594, count five).

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise indicated.

The jury trial began on June 26, 2013. A verdict was returned finding defendant guilty of counts one through four, and acquitting him on count five.

The trial court sentenced defendant on August 20, 2013. On count one, he received a jail term of two years, the midterm for section 459. He was given a consecutive eight-month term on count two, which was one-third the term in count one. The sentences on counts three and four ran concurrently with count one.

Defendant filed a timely appeal on August 20, 2013.

**STATEMENT OF FACTS**

In the early hours of February 23, 2013, a man later identified as defendant, broke the glass doors of two grocery stores in Lake County. The breaking and entry at the Hi-Way Grocery store took place at 1:24 a.m. Defendant took beer among the products stolen in the theft. The door repair cost the store $680. (Counts one & two.)

With respect to counts three and four, defendant broke the glass doors at New Marina Market. This took place at 3:30 a.m. The door replacement cost the owner $1,707.

In the afternoon on the same day as these thefts, Patrick Lynch, owner of Hi-Way Grocery store, noticed defendant had entered the market. He resembled the burglar based on the surveillance photo obtained during the crime. Lynch contacted the police. One of the friends of defendant told Lynch's employee and Lake County Deputy Sheriff Jay Vanoven that Bodjack admitted breaking into the Hi-Way Grocery store on the date in question. Defendant was arrested on a warrant for the offenses.

At sentencing, the trial judge imposed a consecutive sentence on the vandalism conviction in count two. It was consecutive to the two-year sentence for burglary on count one. The court sentenced defendant on counts three and four concurrently to the sentence on count one. In other words, all the custody time was concurrent to count one, except the consecutive eight months on count two.

2

## DISCUSSION

Defendant contends the trial court improperly sentenced him in violation of Penal Code section 654. Multiple punishment for the same conduct violates section 654. "Section 654 applies when there is a course of conduct which violates more than one statute but constitutes an indivisible transaction." (*People v. Saffle* (1992) 4 Cal.App.4th 434, 438.) Here, the breaking of the glass door at the Hi-Way Grocery store to commit theft triggered the crime of burglary. It also serves as the basis for the crime of vandalism. This is an example of two offenses involving the same conduct. The two are part of the continuing offense of burglary or entering with a felonious purpose—theft. Evidence presented at trial indicates the breaking of the glass door, entering into the Hi-Way Grocery store, and theft of property took a total of 23 seconds.

The Attorney General concedes the sentence under review is a violation of Penal Code section 654, and argues the sentences on counts one and two should be concurrent. (But see *People v. Duff* (2010) 50 Cal.4th 787, 796 [concurrent sentences for crimes based on one indivisible transaction constitute multiple punishment in violation of § 654].) However, respondent does indicate the district attorney argued the sentences for the two acts should be consecutive because they involved separate locations and had different victims.

Arguably, the trial court intended a consecutive sentence on the vandalism associated with the *second* burglary. That may have been the court's intent when it rejected the concurrent sentence argument by defense counsel at the hearing.

## DISPOSITION

The easier approach would be to modify the abstract of judgment to indicate the eight-month vandalism sentence applies to count four, occurring during the second burglary incident. We could do this under Penal Code section 1260. However, because of the nature of these two property crimes and the items taken, we will remand the matter to the trial court for resentencing.

3

_____

Dondero, Acting P.J.

We concur:

_____

Banke, J.

_____

Becton, J.*

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4